UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

THEODORE NILES ARITA (#422864)                    CIVIL ACTION


VERSUS

MAJ. JAMES TILLMAN, ET AL.                        NO. 10-0425-RET-CN


NOTICE

 Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

 In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

 ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

 Signed in chambers in Baton Rouge, Louisiana, July 2, 2010.


_____
 MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

THEODORE NILES ARITA (#422864)                          CIVIL ACTION

VERSUS

MAJ. JAMES TILLMAN, ET AL.                              NO. 10-0425-RET-CN

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Sgt. Schnider and Major James Tillman, complaining that his constitutional rights were violated on July 17, 2009, when defendant Schnider improperly opened the cell door of a co-inmate, resulting in the plaintiff being attacked and sustaining injury. In addition, the plaintiff complains that he was thereafter improperly charged with a disciplinary report and, at a disciplinary board hearing chaired by defendant Tillman, was found guilty and punished with a transfer to Level 3 at Camp J, the most onerous level of the three-level disciplinary segregation Camp at LSP.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. <u>Cf.</u>, <u>Green v. McKaskle</u>, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. <u>Denton v. Hernandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), <u>citing</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); <u>Hicks v. Garner</u>, 69 F.3d 22 (5th Cir. 1995). A § 1915(e) dismissal may be made at any time before or after service of process and before or after an answer is filed. <u>Green v. McKaskle</u>, <u>supra</u>. In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any portion

thereof, if the Court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted".

Applying the above standard to the plaintiff's allegations, the Court concludes that the plaintiff fails to state a claim of constitutional dimension against the named defendants.

In his Complaint, the plaintiff alleges that on July 17, 2009, he was in the shower cell on his cell tier when defendant Schnider remotely opened the shower cell door for the plaintiff to return to his cell. Instead of then opening the plaintiff's cell door so that the plaintiff could enter his cell, the defendant improperly opened the cell door of another inmate, who ran out of his cell and attacked the plaintiff. The plaintiff asserts that defendant Schnider acted with "negligence" because the defendant had a clipboard "that he should always check before openning [sic] any cell to prevent/protect each inmate". In addition, the plaintiff contends that even if, as was alleged in a subsequent disciplinary report, defendant Schnider relied upon an inmate who purportedly called out for the defendant to open the wrong door, it was "negligence" for the defendant to rely upon the instructions supposedly given by the inmate. Finally, the plaintiff contends that he was thereafter charged with an improper disciplinary report and was ultimately punished with a transfer from Level 1 to Level 3 of the Camp J Management Program. The plaintiff complains that the disciplinary board hearing, chaired by defendant Tillman, was conducted in a biased manner inasmuch as defendant Tillman is a defendant in another lawsuit filed by the plaintiff before this Court. In addition, the plaintiff asserts that his claims of innocence were not properly investigated and that his subsequent disciplinary appeal was improperly denied.

Initially, it is unclear from the plaintiff's Complaint whether he has sued the defendants in their individual and/or their official

capacities.  However, in light of the liberality with which this Court interprets the pleadings of pro se litigants, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Court interprets the plaintiff's Complaint as naming the defendants in both capacities. Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Neither a State, nor its officials acting in their official capacities, are "persons" under § 1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, and addressing first the plaintiff's claim asserted against defendant Schnider, the gist of the plaintiff's claim is that this defendant failed to protect the plaintiff from harm at the hands of an offending co-inmate.  In this regard, under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from a constant threat of harm or violence at the hands of other inmates.  Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981); Johnston v. Lucas, 786 F.2d 1254 (5th Cir. 1986).  In order for there to be liability in connection with this cause of action, however, there must exist an intent on the part of the defendant to cause the plaintiff harm or at least a conscious or callous indifference to the plaintiff's right to be protected from such harm.  Johnston v. Lucas, supra.  "Deliberate indifference" is the appropriate standard to be applied in this context, and this term has been defined as including an element of "subjective recklessness", as used in the criminal law. Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). As stated in Farmer, "the official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Applying this standard to the plaintiff's claim, it is apparent that the plaintiff does not allege that defendant Schnider intended any harm to come to the plaintiff or was consciously or callously indifferent to an actual perceived risk of such harm.  All that the plaintiff has alleged is that the defendant erred by negligently opening the door to a cell to which the plaintiff was not assigned.  There is no allegation that defendant Schnider had advance notice of any ill-will between the plaintiff and the offending co-inmate or that the defendant intended to cause the plaintiff harm.  In fact, the plaintiff specifically alleges only that the incident occurred as a result of the "negligence" of defendant Schnider, and a claim of mere negligence is not actionable under § 1983. Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987).  Accordingly, it is appropriate that the plaintiff's claim against this defendant be dismissed.

The plaintiff also alleges that he was charged with a wrongful disciplinary charge and, after a biased disciplinary board hearing conducted by defendant Tillman without appropriate investigation, was punished with a transfer to a more onerous level of the Camp J Management System.  The law is clear, however, that allegations that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit or of which he is innocent do not, without more, amount to a denial of due process.  See Collins v. King, 743 F.2d 248 (5th Cir. 1984).  Further, even if procedural rules were not scrupulously adhered to in this case, as the plaintiff suggests, the United States Supreme Court has held that prison disciplinary proceedings fail to implicate a constitutionally protected liberty interest unless the resulting punishment subjects the inmate to an atypical and significant deprivation

(evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate.  Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  In Sandin, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim.   In the instant case, this Court similarly concludes that the plaintiff's disciplinary sentence – a transfer from one level of segregated confinement to a more onerous level – did not result in an atypical and significant deprivation in the context of prison life.

Finally, the plaintiff asserts that defendant Tillman was biased and unfair during the referenced disciplinary proceedings, specifically because the defendant is a party to another civil action filed by the plaintiff before this Court.  Specifically, the plaintiff asserts that "Maj. Tillman clearly was showing me his bias feeling by not takeing my story into consideration, as well as my previous disciplinary record at the time in which I didn't have any rule infractions in a long time, nor did order the full, and propper investigation of this incident."  In the first place, an inmate may not be heard to complain of bias in disciplinary proceedings merely because a member of the disciplinary board has previously been sued by the plaintiff.  See Frank v. Larpenter, 234 F.3d 706 (5th Cir. 2000) (holding that a prison disciplinary board does not violate due process by punishing a detainee who has previously filed and settled a lawsuit against one of its members).  Further, to the extent that this allegation may be interpreted as making a claim of retaliation, the law is clear that the taking of action against an inmate because of the inmate's exercise of his constitutional rights is itself a violation of the inmate's constitutional rights.  Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688

F.2d 266 (1982), <u>cert. denied</u>, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d

795 (1983); <u>Gibbs v. King</u>, 779 F.2d 1040 (5th Cir.), <u>cert. denied</u>, 476

U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986).  Specifically, prison

officials are not allowed to retaliate against an inmate because of the

inmate's exercise of his First Amendment right to complain to supervisory

officials about the alleged wrongful conduct of prison security officers.

<u>Id.</u>  An inmate's right to complain, however, is limited to the making of

non-frivolous complaints involving the assertion of legitimate

constitutional rights, <u>Johnson v. Rodriquez</u>, 110 F.3d 299 (5th Cir.

1997); <u>see also</u> <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d

606 (1996); <u>Tighe v. Wall</u>, 100 F.3d 41 (5th Cir. 1996); <u>Woods v. Smith</u>,

60 F.3d. 1161 at 1166 (5th Cir. 1995), <u>cert. denied</u>, 516 U.S. 1084, 116

S.Ct. 800, 133 L.Ed.2d 747 (1996).  In addition, inasmuch as claims of

retaliation are not favored, it is the plaintiff's burden to provide more

than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to
> establish that but for the retaliatory motive the complained of
> incident ... would not have occurred.  This places a significant
> burden on the inmate....  The inmate must produce direct evidence
> of motivation or, the more probable scenario, allege a chronology
> of events from which retaliation may plausibly be inferred.

<u>Woods v. Smith</u>, <u>supra</u>, 60 F.3d. at 1166.  Finally, in order to sustain

a showing of a constitutional violation, the plaintiff must assert more

than a <u>de minimis</u> or inconsequential "retaliatory adverse act."  <u>Morris</u>

<u>v. Powell</u>, 449 F.3d 682 (5th Cir.), <u>cert. denied</u>, 549 U.S. 1038, 127 S.Ct.

596, 166 L.Ed.2d 443 (2006).

The plaintiff's allegations of retaliation are wholly conclusory.

The plaintiff states only his subjective belief that defendant Tillman

was biased against the plaintiff because of the plaintiff's pending

lawsuit and provides nether facts nor a chronology of events from which

a retaliatory motive may be inferred.  Nor does the transfer from one level to another within the Camp J Management System amount to more than a <u>de minimis</u> or inconsequential "retaliatory adverse act".   Further, pursuant to <u>Geiger v. Jowers</u>, 404 F.3d 371 (5th Cir. 2005), the plaintiff is not constitutionally entitled to a thorough investigation of his claims or to a favorable response thereto.  Accordingly, it appears clear that this claim is subject to dismissal as legally frivolous.

<u>RECOMMENDATION</u>

It is recommended that the plaintiff's action be dismissed as frivolous within the meaning of 28 U.S.C. §§ 1915(e) and 1915A.[1]

Signed in chambers in Baton Rouge, Louisiana, July 2, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[1]   The plaintiff is specifically placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."